# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ronald J. Allison, | Case No. 2:21-cv-01225-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| Clark County Detention Center, | |
| Defendant | [ECF No. 4] |

Plaintiff Ronald J. Allison brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at the Clark County Detention Center. On July 7, 2021, this Court ordered the plaintiff to either pay the $402 filing fee or file a complete *in forma pauperis* application by September 7, 2021.[1]  On July 19, 2021, Plaintiff filed an <u>incomplete</u> *in forma pauperis* application.[2]  The September 7, 2021, deadline expired without the filing of a fully complete application or payment of the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4]  In determining whether to dismiss an action

---

[1] ECF No. 3.

[2] ECF No. 4.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

on one of these grounds, the court must consider: (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the

court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The

third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

ordered by the court or prosecuting an action.[6]  A court's warning to a party that its failure to

obey the court's order will result in dismissal satisfies the fifth factor's "consideration of

alternatives" requirement,[7] and that warning was given here.[8]  The fourth factor—the public

policy favoring disposition of cases on their merits—is greatly outweighed by the factors

favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice

based on the plaintiff's failure to file a fully complete application to proceed *in forma pauperis*

or pay the filing fee as ordered.  The Clerk of Court is directed to **ENTER JUDGMENT**

accordingly and  **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed**

**case.**

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No 3 at 3.

IT IS FURTHER ORDERED that plaintiff's pending motion **[ECF No. 4] is DENIED** as moot.

If Ronald J. Allison wishes to pursue his claims, he must file a complaint in a <u>new</u> case, and he must either pay the $402 filing fee or file a complete *in forma pauperis* application in that new case.

Dated: October 13, 2021

_____
U.S. District Judge Jennifer A. Dorsey